**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Luis Salas, Jr., ) | No. CV 08-1107-PHX-JAT (ECV) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Dora B. Schriro; et al., ) | |
| Respondents. ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. On March 17, 2009, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be dismissed because it is barred by the statute of limitation. On February 17, 2009, Petitioner filed objections to the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner filed objections, this Court will review de novo the Magistrate Judge's conclusion that the Petition in this case is barred by the statute of limitation.

As the R&R correctly recounts, under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner had one year from the date his conviction became final to file a petition for writ of habeas corpus with this Court. R&R at 3. In this case, Petitioner's conviction became final in state court on February 11, 1999. R&R at 4. Thus, Petitioner's Petition in this Court was due by February 11, 2000. R&R at 4. The Petition in this case was filed June 13, 2008, and is untimely unless Petitioner is entitled to tolling of the statute of limitation until June 13, 2008.

By statute, Petitioner is entitled to "statutory" tolling during any period he had a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim ... pending." 28 U.S.C. § 2244(d)(2). In this case, Petitioner had nothing pending in state court from February 11, 1999 to February 11, 2000, and therefore the Petitioner is not entitled to statutory tolling. Furthermore, Petitioner's filing of a petition for post conviction relief in state court on August 31, 2007 did not restart the AEDPA statute of limitations, because, once the limitations period expired on February 11, 2000, a new filing in state court cannot restart it. R&R at 4; *see Ferguson v. Palmateer*, 321 F.3d 478, 482 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Therefore, after considering statutory tolling, the Petition is still untimely.

Next, the Court considers equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling is available to habeas petitioners). The Magistrate Judge concluded that equitable tolling was not available. R&R at 5. Petitioner objects to this conclusion.

Petitioner is entitled to equitable tolling only upon demonstration "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner argues that because of his unfamiliarity with the law, deficiency in the English language, and the alleged misleading title of the AEDPA, he was not put on notice of the AEDPA's statute of limitation, thus satisfying the requirements for

equitable tolling. Doc. #12 at 5-8. However, a pro se petitioner's lack of legal sophistication, confusion, or ignorance of the law, is not by itself an extraordinary circumstance warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009) (ruling that a petitioner's confusion, based on his own assumptions, does not justify untimely filings). Furthermore, language barriers justify equitable tolling only when those barriers actually prevent a timely filing. *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006) (concluding that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source"). Petitioner has failed to demonstrate or allege any such efforts.

Petitioner further argues that the courts, the State of Arizona, and the Arizona Department of Corrections were allegedly required to notify him of the AEDPA's statute of limitation, the failure of which also constitutes grounds for equitable tolling. Doc. #12 at 5. However, grounds for equitable tolling must be external to the defense, i.e., "beyond a prisoner's or his attorney's control." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner's ability to do research is within his control and not a duty placed on any government entity to act on his behalf. Moreover, "district courts 'have no obligation to act as counsel or paralegal to pro se litigants,' [nor does] 'the Constitution require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course.'" *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007) (quoting *Pliler v. Ford*, 542 U.S. 348 (2004); *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984)) (refusing to construe *Pliler* narrowly because of the concern that requiring district courts to advise pro se litigants would undermine district judges' impartiality).

Additionally, Petitioner fails to allege any facts or argument supporting the notion that from February 11, 2000, to June 13, 2008, he was pursuing his rights diligently. To justify equitable tolling, Petitioner bears the burden of proving that he has been pursuing his rights

diligently. *Lawrence*, 549 U.S. at 335. However, Petitioner's objections do not indicate what steps, if any, he took in attempting to timely pursue habeas relief, thus, Petitioner has failed to show that he has been pursuing his rights diligently. Accordingly, the Petition will be denied equitable tolling.

Based on the foregoing,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #11) is **ACCEPTED**;

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**; and

**IT IS FURTHER ORDERED** that Objections (Doc. #12) are overruled, and the Petition (Doc. #1) is **DISMISSED WITH PREJUDICE** because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

DATED this 10th day of June, 2009.

James A. Teilborg
United States District Judge